UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MEADOWFIELD APARTMENTS, LTD., a
Florida limited partnership,

        Plaintiff,

-vs-                                            Case No.  5:05-cv-412-Oc-10GRJ

UNITED STATES OF AMERICA,

        Defendant.
_____

## **O R D E R**

On September 26, 2005, the Plaintiff filed a Complaint pursuant to 28 U.S.C. § 2410 to quiet title to an affordable housing development located in Marion County, Florida. (Doc. 1). The Plaintiff operates the housing development as a 30-unit apartment complex for low and very low income tenants. The complex is regulated by a division of the United States Department of Agriculture ("USDA"), known as the Rural Housing and Community Development Services. In January 1984, the Plaintiff obtained two Section 515 loans from the USDA to develop the apartment complex. On September 16, 2005, the Plaintiff unconditionally tendered full payment of the two loans to the USDA, who has declined to accept the tender.

On January 16, 2007, six tenants of the Plaintiff's apartment complex filed a motion to intervene on behalf of the Defendant, United States of America. (Doc. 22). The Intervenors contend that they each hold a property interest in the apartment complex by

virtue of their lease agreements with the Plaintiff.  These six Intervenors have also filed a separate action in this Court, seeking declaratory and injunctive relief against the United States of America.  Specifically, the Intervenors request that the Court declare that the Emergency Low Income Housing Preservation Act, ("ELIHPA"), applies to the Plaintiff's Section 515 loans with the USDA, and that the Court order the USDA to comply with the ELIHPA in processing the Plaintiff's loan prepayment and to require the Rural Housing Service, a division of the USDA, to adopt regulations providing tenants a right to administratively appeal agency decisions with respect to repayment of Section 515 loans.  See Case No. 5:07-cv-33-Oc-10GRJ.

On April 6, 2007, the United States Magistrate Judge issued a Report, (Doc. 27), recommending that the Intervenors motion to intervene (Doc. 22) be denied.  In doing so, the Magistrate Judge found: (1) that the Intervenors did not establish that they have a sufficient interest in the transaction at issue; (2) that the Intervenors did not establish that this action will impede their ability to protect their interests; and (3) that the interests of the Intervenors are adequately protected by the United States in this action.  The Intervenors filed Objections to the Report and Recommendation, (Doc. 28), on April 23, 2007, and the United States filed a response to the Intervenors' Objections, (Doc. 30), on May 30, 2007.  The Plaintiff has not filed any response.

Upon an independent review of the file and upon due consideration, the Court concludes that the Magistrate's report and recommendation is due to be adopted, confirmed, and made a part hereof.  The Court has reviewed the Intervenors' Objections

and does not find them to be persuasive. Rather, they appear, in large part, to be repetitious of the arguments raised in the Intervenors' original motion to intervene. In addition, the Court disagrees with the United States' position in its response that failure to permit intervention exposes the United States to the risk of incurring inconsistent obligations. Both this case and the Intervenors' declaratory judgment case, 5:07-cv-33-Oc-10GRJ, involves the same legal issue:  whether and to what extent ELIHPA's prepayment provisions apply to the Plaintiff's attempt to quiet title on its apartment complex. Moreover, the goals of the United States and the Intervenors in both cases are largely identical - both parties seek to enforce ELIHPA's prepayment provisions against the Plaintiff. Thus, if the Court finds in favor of the United States in this case and determines that the Plaintiff must adhere to ELIHPA's prepayment provisions, the same legal analysis would necessarily apply in the Intervenors' declaratory judgment case, resulting in either a ruling in favor of the Intervenors or a finding that the Intervenors' action was now moot. Conversely, a ruling in favor of the Plaintiff in this case that the prepayment provisions of ELIHPA do not apply would necessarily result in a ruling in favor of the United States in the Intervenors' case.

Moreover, the Intervenors and the United States clearly recognize the connection between the two cases, as they jointly requested a stay in the declaratory judgment action pending resolution of cross motions for summary judgment in this case. See Case No. 5:07-cv-33-Oc-10GRJ, Doc. 3.  The fact that the United States did not participate in the initial briefing on the motion to intervene also casts some doubt on their late-stated concerns.

Accordingly, upon due consideration and an independent review of the record in this case, it is hereby ORDERED that:

(1) The Magistrate Judge's Report and Recommendation (Doc. 27) is adopted, confirmed, and made a part hereof;

(2) The Defendant-Intervenors' Motion to Intervene (Doc. 22) is DENIED;

(3) The Defendant-Intervenors' Objections to the Report and Recommendation (Doc. 28) are OVERRULED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 11th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record